**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10466 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00163-TLN-1 |
| v. | |
| ERIC J. STAGNO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted November 16, 2020
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and MENDOZA,** District Judge.

Eric Stagno appeals the district court's affirmance of his disorderly conduct

conviction under of 38 C.F.R. § 1.218(a)(5), following a jury trial in magistrate

court. He contends that the magistrate court's jury instructions, which were based

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

on 38 C.F.R. § 1.218(a)(5), enabled the jury to convict him of disorderly conduct on the basis of the viewpoint he expressed, in violation of the First Amendment. Although we agree with Stagno that more specific instructions were necessary to assure compliance with the First Amendment, we hold that the instructional error was harmless beyond a reasonable doubt. We therefore affirm Stagno's conviction.

**1.** "Whether a jury instruction properly states the elements of a statutory crime is a question of law reviewed de novo." *United States v. Young*, 458 F.3d 998, 1010 n.24 (9th Cir. 2006). There is some dispute as to whether a trial court's failure to define an ambiguous statutory term is a misstatement of the law subject to de novo review, *see id*. at 1010, or a question of the trial judge's formulation of the jury instructions, to be reviewed for abuse of discretion, *see United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir. 2005), *as amended* (July 13, 2005). Because we conclude that the magistrate court committed plain error by refusing to define "otherwise improper language" in a way that complies with the First Amendment, we reach the same outcome under either standard of review.

**2.** The government may regulate speech in VA clinics, which are nonpublic fora, so long as that regulation is reasonable and viewpoint neutral. *Preminger v. Peake*, 552 F.3d 757, 765 (9th Cir. 2008); *United States v. Szabo*, 760 F.3d 997, 1002 (9th Cir. 2014). But the jury instruction's inclusion of "otherwise improper language" as a basis for Stagno's disorderly conduct charge was viewpoint

discriminatory under *Iancu v. Brunetti*, 139 S. Ct. 2294 (2019). "Improper" is commonly defined as "not in accord with propriety, modesty, good manners, or good taste," *Improper*, Webster's Third New Int'l Dictionary (3d ed. 1971), or "[n]ot in accordance with good manners, modesty, or decorum; unbecoming, unseemly; indecorous, indecent," *Improper*, Oxford English Dictionary (2d ed. 1989). Like the use of "immoral" and "scandalous" in the statute invalidated in *Iancu*, this application of "improper" impermissibly "distinguishes between two opposed sets of ideas: those aligned with conventional moral standards and those hostile to them; those inducing societal nods of approval and those provoking offense and condemnation." 139 S. Ct. at 2300.

Stagno's Proposed Jury Instruction No. 7 would have cured this First Amendment violation by: (1) alerting the jurors that the prohibition against the use of "otherwise improper language" could not be interpreted as a prohibition against expressions of particular viewpoints disfavored by the government, such as racism; and (2) offering a viewpoint-neutral definition of what "otherwise improper language" could plausibly mean, as distinct from "loud" and "abusive" and as applied to the facts of his case: namely, "fighting words," or "language which by its very utterance, inflict[s] injury or tends to incite immediate breach of the peace." *See Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 572 (1942).

We need not determine whether the magistrate judge properly excluded the section of Stagno's proposed jury instruction telling the jury to consider the special role and training of the VA clinic staff when evaluating whether his language amounted to "fighting words." Under current case law, "'the First Amendment protects a significant amount of verbal criticism and challenge' in speech aimed at physically present public officials about to engage in challenged behavior." *Overstreet v. United Broth. of Carpenters and Joiners of Am., Local Union No. 1506*, 409 F.3d 1199, 1212 (9th Cir. 2005) (quoting *City of Houston v. Hill*, 482 U.S. 451, 461 (1987)). We have not previously extended that principle to limit what constitutes "fighting words" aimed at public health care workers and need not do so here. Assuming without deciding that such an instruction was required, any additional error would be subject to the same harmless error analysis as the failure to give Stagno's viewpoint-neutral definition of "otherwise improper language." The magistrate judge did, however, properly exclude the portion of Stagno's proposed instruction stating that "the mere use of racist insults is not considered 'improper language' under this ordinance," because racial epithets alone, in some contexts, *can* be language that inflicts injury or incites a breach of the peace. *Cf. Virginia v. Black*, 538 U.S. 343, 365–66 (2003).

The district court rejected Stagno's definition of "otherwise improper language" as unsupported by law because the government can lawfully regulate

4

even protected language in VA clinics. *See Szabo*, 760 F.3d at 1002. But Stagno's proposed "fighting words" instruction offers a viewpoint-neutral definition of "otherwise improper language" applicable to the facts of his case. It may have been possible for the magistrate court to provide a different limiting definition of "otherwise improper language" that did not suggest Stagno's speech needed to be unprotected "fighting words" in order to be lawfully regulated in the VA clinic. But that possibility does not excuse the magistrate court's error in failing to deliver *some* viewpoint-neutral limiting instruction to Stagno's jury. *See Hersh v. United States*, 68 F.2d 799, 807 (9th Cir. 1934).

Stagno's Proposed Jury Instruction No. 8[1] may have also offered an objective and viewpoint-neutral standard—"conduct [that] involved a substantial interference"—for the jury to evaluate Stagno's language. The magistrate and district courts both correctly noted that the VA Final Rule Stagno offered as support for this proposed jury instruction did not forbid arrests for violations of 38 C.F.R. § 1.218(b) or make any reference to "substantial interference." *See* 75 Fed. Reg. 69,881 (Nov. 16, 2010). Although this proposed jury instruction was unsupported by the Final Rule Stagno suggested, it *was* supported by the First Amendment. A limitation on the reach of "otherwise improper language" was most

---

[1] Defendant erroneously listed this instruction as "Instruction No. 7" in his proposed instructions, but we refer to it as "Proposed Jury Instruction No. 8" for clarity.

clearly offered by Proposed Jury Instruction No. 7, but the "substantial interference" standard of Proposed Jury Instruction No. 8 may have also been sufficient to cabin "otherwise improper language" to speech that is improper because it substantially interfered with the VA clinic's operations, rather than because it expresses a disfavored viewpoint.

The jury instructions' limiting language—"tends to disturb the normal operation of the clinic,"—was insufficient, on its own, to protect against a viewpoint-discriminatory application of the regulation. Without an additional instruction cabining the meaning of "otherwise improper language" according to the restrictions of the First Amendment, Stagno's jury was free to conclude that his speech was "improper" because the expression of "unbecoming [or] unseemly" viewpoints, *Improper*, Oxford English Dictionary, could "tend[] to disturb the normal operation of the clinic."

**3.** The instructional error was nevertheless "harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967). The evidence at trial established overwhelmingly that Stagno's uncontested conduct met the regulatory standard for disorderly conduct, including the narrower "fighting words" standard for "otherwise improper language." We conclude that it is beyond a reasonable doubt that the instructional error "did not contribute to the verdict obtained." *Id*.; *see also Neder v. United States*, 527 U.S. 1, 17 (1999).

6

Although the evidence as to what Stagno said on his third visit to the VA clinic is vague, Stagno testified that he used racial epithets, and challenged both another patient and the clinic security guard to fights. He also testified that he wrapped a cable around his hand and went to a window where he "gave [the clinic staff] the middle finger." The government's reference to the racial content of Stagno's language was relevant to a determination whether his speech, "by its very utterance, inflict[ed] injury or tend[ed] to incite immediate breach of the peace." *Cf. Virginia v. Black*, 538 U.S. at 365–66. The jury could also have determined that Stagno's non-verbal conduct alone, which did not indicate any racist viewpoint, violated the statute.[2]

Finally, the jury was instructed that it needed to find Stagno *actually* "created a disturbance" in order to find him guilty of disorderly conduct. Although this instructional language does not cure the magistrate court's error in failing to define "otherwise improper language," it does limit the possibility that the jury relied on the viewpoint of Stagno's language alone in convicting him.

Given the conduct that Stagno admitted to at trial, we believe it clear beyond a reasonable doubt that the magistrate court's instructional error was harmless.

---

[2] For these same reasons, the magistrate court did not err in denying Stagno's motion for judgment of acquittal. There was sufficient evidence for a reasonable juror to find Stagno guilty of disorderly conduct on grounds that did not implicate the First Amendment.

**AFFIRMED.**